IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ARNULFO GARCIA, | ) | No. C 06-1958 MMC (PR) |
| Petitioner, | ) ) | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | ) ) | |
| JAMES YATES, Warden, | ) ) | |
| Respondent. | ) ) | |
| _____ | ) | |

On March 15, 2006, petitioner Arnulfo Garcia, a California state prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges the constitutional validity of his conviction. In response to the Court's order directing respondent to show cause as to why relief should not be granted, respondent has filed an answer. Petitioner has filed a traverse. Having reviewed the briefs and the underlying record, the Court concludes petitioner is not entitled to relief based on the claims presented and, accordingly, will deny the petition.

**BACKGROUND**

In 2002, a Santa Clara Superior Court jury convicted petitioner of first-degree burglary (Cal. Pen. Code § 459), use and possession of heroin (Cal. Health. & Saf. Code § 11350), being a felon in possession of a firearm (Cal. Pen. Code § 12021.1), and failure to appear while released on bail (id. § 1320.5). (Ans. Ex. 6 (People v. Garcia, No. H025734, 2004 WL 2185706 (Cal. Ct. App. Sept. 29, 2004)) at 1.) In a separate proceeding, the trial court found true allegations that petitioner had

suffered ten prior convictions within the meaning of Three Strikes (Cal. Pen. Code §§ 667(b)–(i) & 1170.12), four prior serious felony convictions for purposes of five-year sentencing enhancements, and three prior prison terms for purposes of one-year sentencing enhancements. (Ans. Ex. 6 at 1.) The trial court sentenced petitioner to a total term of sixty-five years-to-life in state prison. (Id. at 1–2.)

The state appellate court summarized the facts of the case as follows:

> Robin DeLeeuw returned to her home, found the doors open, and saw [petitioner] walking toward a parked pickup truck carrying her husband's rifle. She noted the truck's license number and called the police. She inspected her home, saw open drawers, and concluded that two jewelry boxes were missing. San Jose Police Lieutenant Michael Sterner saw the truck as he was responding to DeLeeuw's call. He followed the truck to a residence and saw [petitioner] park and run toward the home. After backup officers arrived, he knocked at the front door and explained to the answering resident that he was investigating a burglary. The resident denied that anyone else was in the home and allowed the officers to search. Officers found [petitioner] in a closet sweating profusely and under the influence of heroin. They also found black tar heroin in the adjacent room. They found the rifle, jewelry boxes, and other items belonging to DeLeeuw in the truck. They brought DeLeeuw to the residence, and DeLeeuw identified [petitioner].

(Id. at 2.)

Petitioner appealed his convictions. The California Court of Appeal for the Sixth Appellate District affirmed the judgment in 2004. (Id. at 2.) The California Supreme Court thereafter denied petitioner's petition for review. (Id. at 3.) Petitioner did not file a state habeas petition in connection with the convictions at issue herein. (Pet. at 4–5.)

As grounds for federal habeas relief, petitioner alleges that (1) the admission of evidence of his prior convictions, in lieu of acceptance of a stipulation regarding such convictions, violated his right to due process; (2) his conviction for failure to appear violated his right to due process; and (3) his sentence violated his Eighth Amendment right to be free from cruel and unusual punishment. (Order to Show Cause at 2.)

**DISCUSSION**

A.   Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v.

Hodges, 423 U.S. 19, 21 (1975).

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 412–13 (2000). A federal court must presume the correctness of the state court's factual findings. 28 U.S.C. § 2254(e)(1). Habeas relief is warranted only if the constitutional error at issue had a "'substantial and injurious effect or influence in determining the jury's verdict.'" Penry v. Johnson, 532 U.S. 782, 796 (2001).

The state court decision implicated by 2254(d) is the "last reasoned decision" of the state court. See Ylst v. Nunnemaker, 501 U.S. 797, 803–04 (1991); Barker v. Fleming, 423 F.3d 1085, 1091–92 (9th Cir. 2005). When there is no reasoned opinion from the highest state court to have considered the petitioner's claims, the district court looks to the last reasoned state court opinion, which, in this case, is the California Court of Appeal's opinion affirming the trial court's judgment. (Ans Ex. E); See Nunnemaker, 501 U.S. at 801–06; Shackleford v. Hubbard, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000).

B.   Petitioner's Claims

   1.   Admission of Evidence of a Prior Conviction

Petitioner claims the trial court violated his right to due process by admitting evidence of his prior robbery conviction.[1] (Pet. at 10.)

The facts underlying this claim were summarized by the state appellate court as follows:

> Before trial, the trial court bifurcated trial on all of the prior convictions. [Petitioner] then offered to stipulate that he had suffered a prior robbery conviction "for purposes of proof of the elements of the [section] 12021.1 violation only." The prosecutor

---

[1] Petitioner claims the trial court violated his constitutional rights by refusing to allow him to stipulate to such conviction for the limited purpose of proving the prior-felony element of section 12021.1. (Pet. at 9.) Petitioner, however, has not shown the trial court's ruling gives rise to a cognizable federal habeas claim.

3

> took the position that "once he admits it, he's admitted it for all purposes." [Petitioner] then stated that he was not admitting a robbery conviction "for purposes of proving that it's a strike." The trial court explained that it could not compel the prosecutor to accept a limited stipulation. During voir dire, the prosecutor mentioned that [petitioner] would probably stipulate to his ex-felon status. But, after further arguments on the issue, [petitioner] declined to stipulate. During trial, the prosecutor introduced documentary evidence showing [petitioner's] prior conviction for robbery and the trial court instructed the jury that it was not to consider the conviction for any purpose other than ex-felon status.

(Ans. Ex. 6 at 3.)

The state appellate court found the trial court committed error under California law by admitting the evidence, but further found petitioner had suffered no prejudice thereby under either state or federal law. (Id. at 3, 5–6.)

Permitting a jury to hear evidence of prior crimes or bad acts may violate due process. See Marshall v. Lonberger, 459 U.S. 422, 438–39 n.6 (1983). A state court's procedural or evidentiary ruling is not subject to federal habeas review, however, unless the ruling violates federal law, either by violating a specific federal constitutional or statutory provision or by depriving the defendant of the fundamentally fair trial guaranteed by due process. See Pulley v. Harris, 465 U.S. 37, 41 (1984); Jammal v. Van de Kamp, 926 F.2d 918, 919–20 (9th Cir. 1991). Accordingly, a federal court cannot disturb on due process grounds a state court's decision to admit evidence of prior crimes or bad acts unless the admission of the evidence was arbitrary or so prejudicial that it rendered the trial fundamentally unfair. See Walters v. Maass, 45 F.3d 1355, 1357 (9th Cir. 1995). Put another way, the admission of other crimes evidence violates due process where there are no permissible inferences the jury can draw from the evidence. See McKinney v. Rees, 993 F.2d 1378, 1384 (9th Cir. 1993); Jammal, 926 F.2d at 920.

Applying the above legal principles to the instant matter, the Court finds petitioner's claim is without merit, because the fact of his having suffered a prior felony conviction was an element of a charged offense and, as such, was properly admitted. Specifically, the prosecutor had charged petitioner with being a felon in possession of a firearm (Cal. Pen. Code § 12021.1).[2] One of the

---

[2] California Penal Code § 12021.1 reads in relevant part: "[A]ny person who has been previously convicted of any of the offenses listed in subdivision (b) and who owns or has in his or her possession or under his or her custody or control any firearm is guilty of a felony." Cal. Pen. Code §§ 12021.1(a), 12021.1(b)(18).

4

elements of such charge is that of being a felon, which, in petitioner's case, is satisfied by his prior conviction for robbery (id. § 12021.1(b)(18)), evidence of which the prosecutor introduced at trial. Consequently, the jury was entitled to draw the permissible inference that petitioner was a felon. Further, the trial court instructed the jury that this evidence was to be considered for no purpose other than to show that petitioner was a felon. Without evidence to the contrary, this Court must assume the jury followed such instructions. *See Richardson v. Marsh*, 481 U.S. 200, 206 (1987). Given such circumstances, the Court finds petitioner's due process rights were not infringed. Even assuming, arguendo, that the evidence was improperly admitted to the extent the jury was apprised of the particular nature of the prior felony, however, the Court finds petitioner has not demonstrated that he suffered prejudice or otherwise was denied a fundamentally fair trial. The evidence against petitioner was strong, including an unequivocal eyewitness identification and the retrieval of the stolen items from the truck petitioner was seen driving at the time of the burglary.

Accordingly, petitioner is not entitled to habeas relief on this claim.

2. Failure to Appear

Petitioner challenges his conviction for failure to appear (Cal. Pen. Code § 1320.5), as set forth in the two claims discussed below.

(a.) Sufficiency of Evidence

Petitioner claims his conviction for failing to appear in court was not supported by sufficient evidence, in violation of his right to due process. More specifically, petitioner contends § 1320.5 requires he have knowledge that he was to appear in court on a specific date. Petitioner asserts he had no such knowledge, and that no evidence was presented at trial demonstrating such knowledge. (Pet. at 19–20.)

The state appellate court found no merit in petitioner's claim:

[T]he purpose element [of willful failure to appear in order to evade the court's process] in section 1320.5 satisfies the mens rea requirement. It is therefore unnecessary to construe a knowledge-element mens rea into section 1320.5 to comport with due process principles. A defendant is certainly free to defend a section-1320.5 charge by proving lack of knowledge. But there is no due-process necessity to require the People to affirmatively prove knowledge when they must affirmatively prove purpose.

(Ans. Ex. 6 at 11.)

5

At trial, the prosecutor presented evidence of the following: (1) a trial calendar status hearing regarding petitioner's detention was held on April 5, 1999, at which hearing petitioner's counsel, but not petitioner, was present; (2) at the hearing, a bail amount was determined; (3) petitioner was released on bail; (4) petitioner did not appear in court on April 12, 1999, his bail was revoked and a bench warrant was issued for his arrest.[3] (Ans. Ex. Ex. 2, Vol. 2 (Reporter's Transcript Oct. 30, 2001) at 273–74, 311–12.)

In California, "[w]illful failure" to appear in court as required after release on bail is a crime. See Cal. Pen. Code §1320.5.[4] Proof of a violation of this statute requires a showing that a defendant has been charged with a felony, has been released on bail, and willfully failed to appear in court with the intent to evade the court's process. People v. Wesley, 198 Cal. App. 3d 519 (Cal. Ct. App. 1988).

A federal court reviewing collaterally a state court conviction does not determine whether it is satisfied that the evidence established guilt beyond a reasonable doubt. Payne v. Borg, 982 F.2d 335, 338 (9th Cir. 1992). Rather, the federal court "determines only whether, 'after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" See id. (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). Only if no rational trier of fact could have found proof of guilt beyond a reasonable doubt, may the writ be granted. See Jackson, 443 U.S. at 324.

Applying the above-referenced legal principles to the instant matter, the Court finds petitioner's claim is without merit, because petitioner's knowledge of a specific court date is not an element of the statute. As the Ninth Circuit held in Payne v. Borg, a reviewing federal habeas court

---

[3] Petitioner's attorney appeared on April 12, 1999.

[4] California Penal Code § 1320.5 reads in full: "Every person who is charged with or convicted of the commission of a felony, who is released from custody on bail, and who in order to evade the process of the court willfully fails to appear as required, is guilty of a felony. Upon a conviction under this section, the person shall be punished by a fine not exceeding ten thousand dollars ($10,000) or by imprisonment in the state prison, or in the county jail for not more than one year, or by both that fine and imprisonment. Willful failure to appear within 14 days of the date assigned for appearance may be found to have been for the purpose of evading the process of the court."

6

is solely concerned with whether any rational trier of fact could find the essential "elements" of a crime beyond a reasonable doubt. See Payne v. Borg, 982 F.2d at 338. At trial, the prosecutor presented evidence that petitioner was released on bail, and that he failed to return to court; a reasonable juror could find petitioner's acts satisfied the elements of § 1320.5. In particular, from such evidence, a reasonable juror could infer that petitioner willfully evaded the court's process by failing to appear in court. Based on this record, the Court cannot say that no rational trier of fact could find petitioner was guilty of the charged offense beyond a reasonable doubt.

(b.) Instructions to Jury

Petitioner also contends the trial violated his constitutional rights by failing to instruct the jury that it had to find petitioner knew he was required to be in court on April 12, 2001. (Pet. at 23.) Petitioner further contends the trial court failed to give a special jury instruction, offered by the defense, that the jury had to find petitioner had actual knowledge that his appearance in court was required at a specific time and place. (Pet. at 29; Ans. Ex. 2, Vol. 2 at 244– 245, 253.)

A state trial court's refusal to give an instruction does not alone raise a ground cognizable in a federal habeas corpus proceeding. See Dunckhurst v. Deeds, 859 F.2d 110, 114 (9th Cir. 1988). The error must so infect the trial that the defendant was deprived of the fair trial guaranteed by the Fourteenth Amendment. See id.

Here, petitioner's claim fails for the same reason his earlier claim respecting this issue fails, specifically, there is no knowledge element in the statute. Consequently, the trial court correctly instructed the jury on the elements of the offense, and, as discussed above, the prosecutor presented sufficient evidence to support the jury's finding of guilt beyond a reasonable doubt. Consequently, petitioner has not shown the trial court's refusal to give the defense's requested instruction deprived him of a fair trial.

Accordingly, petitioner is not entitled to habeas relief on this claim.

4. Sentence

Petitioner, whose multiple prior "strikes" were used to calculate his sentence, claims his sentence of sixty-five years-to-life in prison violates the Eighth Amendment. Petitioner bases this claim on the trial court's refusal of petitioner's requests that his felony conviction under § 1320.5 be

7

1 reduced to a misdemeanor and that his prior convictions be stricken.  (Pet. at 35; Ans. Ex. 2, Vol. 3
2 at 401–02, 554–56.)

3       A criminal sentence that is not proportionate to the crime for which the defendant was
4 convicted violates the Eighth Amendment.  Solem v. Helm, 463 U.S. 277, 303 (1983).  "[O]utside
5 the context of capital punishment," however, "successful challenges to the proportionality of
6 particular sentences will be exceedingly rare."  Id. at 289–90.  "The Eighth Amendment does not
7 require strict proportionality between crime and sentence.  Rather, it forbids only extreme sentences
8 that are 'grossly disproportionate' to the crime."  Ewing v. California, 538 U.S. 11, 23 (2003).

9       A challenge to the proportionality of a sentence is analyzed using objective criteria,
10 including:  (1) the gravity of the offense and harshness of the penalty; (2) a comparison of sentences
11 imposed on other criminals in the same jurisdiction; and (3) a comparison of sentences imposed for
12 the same crime in other jurisdictions.  Solem, 463 U.S. at 290–92.  Where, however, it cannot be
13 said as a threshold matter that the crime committed and the sentence imposed are grossly
14 disproportionate, it is not appropriate for the court to engage in a comparative analysis of the
15 sentence received by the defendant and the sentences received by other defendants in other cases.
16 See United States v. Harris, 154 F.3d 1082, 1084 (9th Cir. 1998).

17       In the instant case, petitioner's claim is without merit.  First, petitioner has not shown the
18 trial court's refusal, either to reduce a felony to a misdemeanor or to strike his prior convictions, is a
19 cognizable federal habeas claim.  Second, petitioner's contention that his sentence is grossly
20 disproportionate in violation of the Eighth Amendment is essentially foreclosed by the Supreme
21 Court's decisions in Ewing and Lockyer v. Andrade, 538 U.S. 63 (2003).  As the Supreme Court
22 observed in Andrade, Eighth Amendment jurisprudence "gives legislatures broad discretion to
23 fashion a sentence that fits within the scope of the proportionality principle — the precise contours
24 of which are unclear."  Andrade, 538 U.S. at 76 (internal quotations and citations omitted).
25 Consistent with such deference, the Supreme Court, in each of those cases, upheld the application of
26 California's "Three Strikes" law to non-violent theft crimes.  Andrade's final commitment offense,
27 for example, was his theft of videotapes from two stores, the total value of such merchandise being
28 $150.  Id., 538 U.S. at 66.  Because Andrade had a prior misdemeanor conviction, he was charged

8

with two felony counts of petty theft. Id. at 67–68. After conviction, the trial court sentenced Andrade to two consecutive terms of twenty-five years to life under the Three Strikes law, a sentence the Supreme Court upheld as constitutional. Id. at 77.

If Andrade's sentence of fifty years for stealing videotapes passes constitutional muster, petitioner's sentence of sixty-five years for residential burglary cannot be said to be unconstitutional. Put another way, in light of such authority, petitioner has not established his sentence was grossly disproportionate to his crimes. Because petitioner has not made the threshold showing that his sentence is grossly disproportionate to his crimes, this Court's analysis is at an end. See Harris, 154 F.3d at 1084.

Accordingly, petitioner is not entitled to habeas relief on this claim.

## CONCLUSION

As to each of petitioner's claims, the Court concludes the state court's determinations were neither contrary to, nor unreasonable applications of, clearly established Supreme Court precedent, nor were they based on an unreasonable determination of the facts in light of the evidence presented.

Accordingly, the petition for a writ of habeas corpus is hereby DENIED.

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

DATED: December 19, 2008

_____
MAXINE M. CHESNEY
United States District Judge

9